MILLER v. MICKEL.

Where evidence is conflicting in a case tried to the court, and the
record discloses that the finding and judgment are not against the
weight of evidence, the judgment will not be disturbed.

*Appeal from District Court of Summit County.*

THIS action is brought by the appellee, Mickel, against
the appellant, Miller, the owner and proprietor of the
Miners' & Merchants' Bank of Breckenridge, Summit
county, Colorado, to recover on a book-account for serv-
ices rendered by said Mickel, at the instance of Miller,
and to recover the balance of a bank account at defend-
ant's bank. There was a direct conflict of evidence, on
which the court, sitting without a jury, gave judgment
in plaintiff's favor. The only point considered on ap-
peal is the refusal of defendant's counter-claim to be
allowed credit against the plaintiff for $180.53, the
amount of an overdraft on an account which plaintiff
had opened in the defendant's bank as treasurer of the
Sallie Barber Mining Company, which defendant, claim-
ing the right to hold plaintiff personally liable, had
transferred from plaintiff's private account to balance
the overdraft on the Sallie Barber Mining account. On
this point it appears that plaintiff had deposited, as
treasurer of the Sallie Barber Mining Company, in the
defendant's bank for collection, a draft on a member of
said company, with instructions to advise plaintiff if it
was not paid on a certain date, after which plaintiff
would check against it as treasurer. Defendant, by
mistake, sent the draft to New York, instead of Denver,
and, receiving no telegram from Denver notifying pro-
test, told plaintiff he was satisfied it would be paid, and
plaintiff checked against it for the benefit of his com-
pany.

Messrs. BREEZE and BREEZE and T. C. EARLY, for appellant.

Messrs. J. W. HORNER and PETER PALMER, for appellee.

ELBERT, J.   This is a case of conflicting evidence. The plaintiff and the defendant were the only witnesses to the principal issues, and contradicted each other with regard to many items of the account sued upon.   The court was the judge of their credibility, and an examination of the record discloses no grounds for the reversal of the finding and judgment as being against the weight of evidence.

The chief objection urged here is the refusal of the court below to allow the defendant credit against the plaintiff for the $180.53 overdraft on the account of the Sallie Barber Mining Company.   The checks drawn by the plaintiff against the Sallie Barber Mining Company's account were, without exception, signed by him in his official capacity as treasurer of the company.   In addition to this, he distinctly notified the defendant, at the time the account was opened and thereafter, that he was acting as treasurer of the company, and would in nowise be individually responsible on any of the company's transactions, nor for any of its debts.   This part of the plaintiff's testimony stands uncontradicted.   The defendant, thereafter, could not pay out money on account of the company, and hold the plaintiff responsible therefor. Unless he intended to credit the company, he should have rejected their drafts when there were no funds in his hands to meet them.   The mistake whereby the letter intended for Denver was directed to New York, in consequence of which the telegram expected from Denver was not received, was the mistake of the defendant, for which the plaintiff was in nowise responsible, and for the consequences of which he cannot be held to answer.

The court did not err in refusing to allow the overdraft on the account of the mining company as an offset against the individual claim of the plaintiff.

The judgment of the court below is affirmed.

*Affirmed.*